■ ROSE E. GREEN et al., Respondents, v. ROBERT BROWN et al., Appellants. — In a negligence action to recover damages for personal injuries sustained by the infant plaintiffs, Lloyd Green, Jr. and Gerard Green, and for medical expenses, etc., sustained by their mother, a coplaintiff, defendants appeal from an interlocutory judgment of the Supreme Court, Suffolk County, entered January 22, 1973, which, upon plaintiffs' motions after the return of a jury verdict in defendants' favor on the issue of liability only, set aside the verdict

and determined said issue in favor of plaintiffs upon a direction of verdict. Interlocutory judgment modified, on the law, by striking therefrom the following decretal provision: " judgment entered by direction in favor of the plaintiffs against the defendants " and by substituting therefor a provision that a new trial is granted at which trial the jury shall be instructed to make special findings on the issues herein delineated and render its verdict in accordance therewith. As so modified, interlocutory judgment affirmed, with costs to abide the event of the new trial. We do not reverse any factual finding of the jury. The infant plaintiffs sustained their injuries while they were passengers in an automobile owned by defendant Robert Brown and operated by defendant Frank Brown. The accident occurred on November 23, 1967, at about 4:20 A.M. The automobile, in which three other minors were passengers, went off the road and struck an overpass on Southern State Parkway in the vicinity of Hicksville Road in Nassau County. At the trial it was adduced, *inter alia*, that the accident was preceded by an evening of activity during which the youths involved attended a house party, with dancing, from 8:30 P.M. to 11:30 P.M. and thereafter visited Charles Joiner, a brother of one of the group for several hours. Although the defendant-operator testified that before attending the party he, the infant plaintiffs and one of the others had a few drinks of Scotch whiskey, it was also adduced that no refreshments or alcoholic beverages were served at the party or at the Joiner home and that the group stopped at a diner on the way home after leaving Joiner. It was further brought out that, after leaving the diner, the infant plaintiffs and the other passengers fell asleep in the car and the defendant-operator admitted that shortly before the accident he opened the car window because he was feeling drowsy and was going to sleep. In our opinion, the direction of a verdict in plaintiff's favor constituted error. A question of fact existed with respect to the negligence of the defendant-operator which was for the jury to determine. While the question as to the infant plaintiffs' freedom from contributory negligence was also one for the jury, it is our view, predicated on the record before us, that a finding that the infant plaintiffs were contributorily negligent would have been against the weight of the evidence. Since it cannot be ascertained, from the jury's general verdict in favor of defendants, whether it was predicated on a finding that the defendant-operator was not negligent or on a finding that the infant plaintiffs were contributorily negligent, we conclude that a new trial is required at which the jury will be instructed to specifically state its findings on these issues and to render its verdict in accordance therewith. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.